IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 1:06cr73-WKW |
| | ) | |
| **ALICIA ANN STRACENER LAVERGNA** | ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL**

NOW COMES the Defendant, Alicia Ann Stracener Lavergna, by and through undersigned counsel, Jennifer A. Hart, and pursuant to 18 U.S.C. 3161(h)(8), respectfully moves this Court to continue the trial of this action from the present trial date of October 16, 2006. In support of this Motion, defendant would show:

1. Based on recent developments in this case, the parties agree that this case may be appropriate for pretrial diversion. Undersigned counsel will be seeking Pretrial Diversion in this matter and is in the process of obtaining the necessary documents to request Pretrial Diversion on behalf of the Defendant.

2. Defendant's waiver of speedy trial is attached to this motion.

3. Counsel for the Government has no opposition to this requested continuance.

4. Requests for a continuance are addressed to the sound discretion of the trial court. United States v. Darby, 744 F.2d 1508, 1521 (11th Cir. 1984), reh. denied 749 F.2d 733, cert. denied 471 U.S. 1100 (1985). A continuance to consider pretrial diversion would serve the ends of justice. "The subject of pre-trial diversion is one of enormous importance in the administration of justice, both in avoiding needless clogging of the courts for the cases that really identify a social and medical problem rather than a legal problem, and for the more effective protection of society through rehabilitation of the individuals involved in those cases." United

States v. Moore, 486 F.2d 1139, 1193 (D.C. Cir. 1973).

  5. Under the standard pretrial diversion agreement, the period between the dismissal of the original indictment pursuant to diversion and any reindictment brought in the event of a violation of the diversion agreement would not be counted against the time limits of the Speedy Trial Act. 18 U.S.C. S 3161(h)(6) states: "If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is excluded]." United States v. Hicks, 693 F.2d 32 (5th Cir. 1982).

  WHEREFORE, Defendant respectfully requests that this Motion be granted.

               Respectfully submitted,

               s/Jennifer A. Hart
               **JENNIFER A. HART**
               FEDERAL DEFENDERS
               MIDDLE DISTRICT OF ALABAMA
               201 Monroe Street, Suite 407
               Montgomery, AL 36104
               Phone: (334) 834-2099
               Fax: (334) 834-0353
               jennifer_hart@fd.org
               AL Bar Code: HAR189

## CERTIFICATE OF SERVICE

     I hereby certify that on October 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Verne Speirs, Assistant U. S. Attorney.

                        Respectfully submitted,

                        s/Jennifer A. Hart
                        **JENNIFER A. HART**
                        FEDERAL DEFENDERS
                        MIDDLE DISTRICT OF ALABAMA
                        201 Monroe Street, Suite 407
                        Montgomery, AL 36104
                        Phone: (334) 834-2099
                        Fax: (334) 834-0353
                        jennifer_hart@fd.org
                        AL Bar Code: HAR189